FILED
U.S. DISTRICT COURT

2018 JUL 23 P 12: 12

DISTRICT OF UTAH

BY:
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EXACT MARKETING, INC. d.b.a. LIZARD SKINS, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNIQUE SPORTS PRODUCTS, INC., d.b.a. HOT GLOVE and HOT GLOVE, Inc.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:18-cv-193-DB<br>Judge Dee Benson |

Before the Court is a motion brought by Defendant, Unique Sports Products, Inc. doing business as Hot Glove and Hot Glove, Inc., ("Hot Glove"), to dismiss for lack of personal jurisdiction. [Dkt. 7]. The parties have fully briefed the motion and the Court finds oral argument unnecessary. Based on the written arguments of the parties and the relevant facts and the law, the Court hereby enters this Memorandum Decision and Order.

## BACKGROUND

Plaintiff, Exact Marketing, Inc. d.b.a. Lizard Skins ("Lizard Skins"), is a Utah corporation with its principal place of business in American Fork, Utah. Dkt. 14. It manufactures, markets

1

and sells sports grip tape for various sports including cycling, tennis and baseball. Lizard Skins is the official bat grip supplier for major league baseball and its bat grips have federal trademark registrations. Lizard Skins sells its grips through Dicks Sporting Goods, Academy Sports, Modell's, Dunham's, Scheels, Play It Again Sports, Hibett Sports, Olympia and other independent dealers in the United States, including Amazon.

Lizard Skins filed this action against Hot Glove, a company that also sells sports grip tape, asserting claims for infringement of Lizard Skin's registered baseball grip trademarks, unfair competition, trade dress infringement, and deceptive trade practices. Dkt. 2. Lizard Skins contends that Hot Glove's grip tape utilizes the same or similar camoflague designs, embossing and oval indentations in staggered rows as Lizard Skins'.

Hot Glove moves to dismiss this action on the basis that it is not subject to personal jurisdiction in Utah. It moves in the alternative for a change of venue. Hot Glove is headquartered in the state of Georgia and sells its baseball bat grip tape called Mega Wrap to wholesale purchasers such as Amazon.com and Walmart.com which then sell it to end users across the country, including in Utah. Additionally, Hot Glove operates two websties: uniquesports.us and hotglove.com, which advertize and promote its products. The websites invite customers to "open a wholesale account or order direct" by contacting Hot Glove. While Hot Glove disputes that customers are able to purchase products directly from its websites, its hotglove.com site provides direct links to Hot Glove's online retail partners, Amazon.com, Walmart.com, Tennisexpress.com, Midwestsports.com, Holabirdsports.com, and Tenniswarehouse.com. Hot Glove has also shipped its products to Utah.

2

In support of its motion to dismiss, Hot Glove asserts that it is not incorporated or registered to do business in Utah. It does not maintain an office or have employees, own real estate or hold bank accounts in Utah. Hot Glove contends that its sale of products in Utah have been de minimus, totaling $958.68 for 2017-18. It argues that its websites are solely for the purpose of advertising and providing information and that it does not specifically target Utah residents through its websites. It alleges its contacts with Utah are insufficient to subject it to personal jurisdiction in Utah.

## DISCUSSION

### Personal Jurisdiction

It is the plaintiff's burden to establish personal jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co. Of Canada*, 149 F.3d 1986, 1091 (10th Cir. 1998). In the preliminary stages of litigation, a plaintiff's burden is only to establish a prima facie case that jurisdiction exists. *Wenz v. Memory Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). All factual disputes are to be resolved in favor of the plaintiff when determining the sufficiency of this showing. *Id.*

Lizard Skins does not allege that there is general personal jurisdiction over Hot Glove in Utah. Therefore, the Court will consider whether it has specific personal jurisdiction over Hot Glove in this matter.

To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that: (1) jurisdiction is legitimate under the laws of the forum state; and (2)

the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. *Soma Medical Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999).

### 1. Jurisdiction Under Utah Law

Utah law expressly states that its long arm statute must be interpreted broadly "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Utah Code § 78B-3-201; *see also Starways, Inc. v. Curry*, 980 F.2d 204, 206 (Utah 1999) ("We have held that the Utah long-arm statute 'must be extended to the fullest extent allowed by due process of law.'") (quoting *Synergetics v. Marathon Ranching Co.*, 701 F.2d 1106, 1110 (Utah 1985)). Because the Utah long-arm statute confers the maximum jurisdiction permissible consistent with the due process clause, the Court proceeds to determine whether the exercise of personal jurisdiction over Hot Glove meets federal due process standards.

### 2. Due Process Analysis

A "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (quoting *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts sufficient to assert specific personal jurisdiction over a nonresident defendant exist where "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or are related to those activities." *Burger King*, 471 U.S. at 472.

If the defendant's activities create sufficient minimum contacts, the court then considers

4

whether jurisdiction is reasonable; that is, "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.' " *Id.* (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113, 107 S.Ct. 1026 (1987)).

Hot Glove contends it is not subject to personal jurisdiction in this forum because it lacks minimum contacts with the state of Utah. Specifically, it argues that its sale of products in Utah have been de minimus and that it does not purposefully direct its marketing or sales to Utah residents. It asserts that its websites are maintained solely for the purpose of advertising and promoting its products nationally and that there is no ability to purchase products directly from its website.

"The forum state does not exceed its powers under the due process clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *World-wide Volkswagen*, 444 U.S. at 286-87. In this case, Hot Glove's purposeful partnerships with its online nationwide retailers such as Amazon.com, Walmart.com and others, establish its intent and expectation to benefit from national sales including in Utah. Additionally, Hot Glove markets and promotes its products on its own websites that are accessible to Utah consumers. It has also shipped its products to Utah. The Court finds that Lizard Skins has made a prima facie case to establish specific personal jurisdiction over Hot Glove in this action.

Where a court determines that a defendant's activities create sufficient minimum contacts, the court must then consider "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Asahi Metal Indus.*

*Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987)). This requires a determination of whether the exercise of personal jurisdiction over a defendant with minimum contacts is "reasonable" in light of the circumstances surrounding the case. *OMI Holdings*, 149 F.3d at 1091.

While the Court recognizes that defending a case in a different forum places a burden on an out of state defendant to litigate in Utah, "[m]odern transportation and communication, and in particular the implementation of electronic case filing, noticing, and teleconferences, have to some extent lessened the burden to out-of-state defendants." *Toytrackerz LLC v. Koehler*, 2009 WL 1505705, at *18 (D. Kan. May 28, 2009).

States have "an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors." *OMI Holdings*, 149 F.3d at 1096. Plaintiff has an interest in obtaining relief in Utah, where it conducts business, where numerous witnesses are located, and where it has alleged to have suffered economic injury. The Court finds Utah has an interest in adjudicating this controversy and that asserting personal jurisdiction over Hot Glove is reasonable in this case.

**Venue**

Hot Glove moves in the alternative, to transfer venue to its home state of Georgia pursuant to 28 U.S.C. § 1404. The Court has discretion to transfer an action "for the convenience of parties and witnesses, [and] in the interest of justice,...to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A defendant "bears the burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). "Merely shifting the inconvenience from one side to the other...is not a permissible justification for a

change of venue." *Id.* In considering a motion to transfer venue under § 1404(a), courts in the Tenth Circuit weigh the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and . . . all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal quotation marks omitted).

The Tenth Circuit gives "considerable weight" to the plaintiff's choice of forum. *See, e.g., Scheidt,* 956 F.2d at 965. "[T]he plaintiff's choice of forum . . . should rarely be disturbed." *Id.*

Transferring the burden of inconvenience from Hot Glove to Lizard Skins is an insufficient basis for transferring venue. Considering the factors above, the Court finds that Defendant has not met its burden of establishing that venue should be transferred from Utah to Georgia.

## CONCLUSION

The Court finds that Hot Glove has sufficient minimum contacts with Utah to be subject to personal jurisdiction in this action. Exercise of specific personal jurisdiction over Hot Glove for purposes of this action is reasonable and appropriate under the law.

Additionally, based on the facts presented, the Court declines to exercise its discretion to move this action to Georgia.

Accordingly, Hot Glove's motion to dismiss or, in the alternative, to transfer venue is

7

hereby DENIED.

IT IS SO ORDERED.

DATED this 20th day of July, 2018.

_____
Dee Benson
United States District Judge